# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KEITH D. CAGLE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. CIV-18-67-JHP** |
| | § | |
| **COMERICA BANK,** | § | |
| | § | |
| **Defendant.** | § | |

## ANSWER

The Defendant, Comerica Bank ("Comerica"), for its Answer to the Complaint filed by Plaintiff, alleges and states as follows:

1. Comerica admits that the nature of this suit is as alleged by Plaintiff, but denies that it breached any duties to Plaintiff or that Plaintiff is entitled to damages or any other relief.

2. Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 2, and therefore denies the same.

3. The allegations of paragraph 3 are legal conclusions to which no response is required.

4. Comerica admits this on information and belief.

5. The allegations of paragraph 5 are legal conclusions to which no response is required.

6. Comerica admits that the cited statute provides for subject matter jurisdiction over allegations similar to those made by Plaintiff, but denies that its actions

violated the Electronic Funds Transfer Act ("EFTA") and confer jurisdiction on this or any federal court.

7.      Comerica denies the allegations in paragraph 7 as stated.

8.      Admitted.

9.      The allegations in paragraph 9 purport to quote from a referenced website, the content of which speaks for itself.  To the extent the allegations in paragraph 9 are inconsistent therewith, Comerica denies the same.

10.      The allegations set forth in paragraph 10 contain legal conclusions to which no response is required.  To the extent the remaining allegations in paragraph 10 contain facts, Comerica admits it issued a direct express card to Plaintiff and that Plaintiff uses it for receipt of certain government benefits.

11.      Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 11, and therefore denies the same.

12.      Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 12, and therefore denies the same.

13.      Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 13, and therefore denies the same.

14.      Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 14, and therefore denies the same.

15.      Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 15, and therefore denies the same.

16.      Comerica denies the allegations in paragraph 16, on information and belief.

17.     The allegations of paragraph 17 are legal conclusions to which no response is required.

18.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 18, and therefore denies the same.

19.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 19, and therefore denies the same.

20.     Admitted.

21.     Admitted.

22.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 22, and therefore denies the same.

23.     The allegations of paragraph 23 are legal conclusions to which no response is required.

24.     The allegations of paragraph 24 are legal conclusions to which no response is required.

25.     The allegations set forth in paragraph 25 refer to the document attached to Plaintiff's Complaint as Exhibit A.  Comerica states that the content of such document speaks for itself.  Comerica denies any allegations of paragraph 25 of the Complaint that are inconsistent therewith.

26.     Admitted.

27.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 27, and therefore denies the same.

28.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 28, and therefore denies the same.

29.     Admitted.

30.     The allegations of paragraph 30 are legal conclusions to which no response is required.

31.     The allegations set forth in paragraph 31 refer to the contents of a letter attached to Plaintiff's Complaint as Exhibit C.  Comerica states that the content of such letter speaks for itself.  Comerica denies any allegations of paragraph 31 of the Complaint that are inconsistent therewith.

32.     Denied on information and belief.

33.     Denied.

34.      The allegations of paragraph 34 contain legal conclusions to which no response is required. The remaining factual allegations set forth in paragraph 34 refer to the contents of a letter attached to Plaintiff's Complaint as Exhibit D.  Comerica states that the content of such letter speaks for itself.  Comerica denies any allegations of paragraph 34 of the Complaint that are inconsistent therewith.

35.     The allegations set forth in paragraph 35 refer to the contents of a letter attached to Plaintiff's Complaint as Exhibit E.  Comerica states that the content of such letter speaks for itself.  Comerica denies any allegations of paragraph 35 of the Complaint that are inconsistent therewith.

36.     Comerica is without sufficient information of knowledge to admit or deny the allegations in paragraph 36, and therefore denies the same.

37.     The allegations set forth in paragraph 37 refer to the contents of a letter attached to Plaintiff's Complaint as Exhibit F.  Comerica states that the content of such letter speaks for itself.  Comerica denies any allegations of paragraph 37 of the Complaint that are inconsistent therewith.

38.     The allegations set forth in paragraph 38 refer to the contents of a letter attached to Plaintiff's Complaint as Exhibit F.  Comerica states that the content of such letter speaks for itself.  Comerica denies any allegations of paragraph 38 of the Complaint that are inconsistent therewith.

39.     In response to paragraph 39, Comerica denies it was obligated to provide any further response.

40.     The allegations set forth in paragraph 40 refer to the contents of a letter attached to Plaintiff's Complaint as Exhibit G.  Comerica states that the content of such letter speaks for itself.  Comerica denies any allegations of paragraph 40 of the Complaint that are inconsistent therewith.

41.     In response to paragraph 41, Comerica denies that it was obligated to provide any further response.

42.     Comerica denies the allegations in paragraph 42.

43.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 43, and therefore denies the same.

44.     Comerica denies the allegations in paragraph 44.

45.     The allegations in paragraph 45 are statements of law, which do not require a factual response.

46.     The allegations in paragraph 46 are statements of law, which do not require a factual response.

47.     The allegations in paragraph 47 are statements of law, which do not require a factual response.

48.     The allegations in paragraph 48 are statements of law, which do not require a factual response.

49.     Comerica denies the allegations in paragraph 49.

50.     Comerica denies the allegations in paragraph 50.

51.     Comerica denies the allegations in paragraph 51.

52.     Comerica states that the allegations set forth in paragraph 52 and its subparts refer to the various letters attached to Plaintiff's Complaint. Comerica states that the content of such letters and the delivery receipts speak for itself.  Comerica denies any allegations of paragraph 52 of the Complaint that are inconsistent therewith.

53.     The allegations of paragraph 53 are legal conclusions to which no response is required.

54.     In response to paragraph 54, Comerica denies that the transactions at issue where indeed "errors" to be corrected and further denies that Comerica had any obligation to correct such alleged errors.

55.     Comerica denies the allegations in paragraph 55 and alleges that it timely corrected two transactions.

56.     Comerica denies it was required to provisionally credit Plaintiff's account while it investigated the errors.

57.     The allegations of paragraph 57 contain legal conclusions to which no response is required.  In further response, Comerica states that the responses provided to Plaintiff's alleged disputes which are attached as exhibits to Plaintiff's complaint speak for themselves.  To the extent any responses are not included or the allegations of paragraph 57 are inconsistent therewith, Comerica denies the same.

58.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 58, and therefore denies the same.

59.     Comerica realleges and restates its responses to paragraphs 1-58 as if restated herein.

60.     The allegations in paragraph 60 are statements of law, which do not require a factual response.

61.     Comerica denies the allegations of paragraph 61.

62.     Comerica denies the allegations of paragraph 62.

63.     The allegations of paragraph 63 are legal conclusions to which no response is required. Furthermore, Comerica denies that it was obligated to correct any alleged "errors."     64.     Comerica denies the allegations in paragraph 64.

65.     Comerica denies it was required to provisionally credit Plaintiff's account while it processed his disputes.

66.     The allegations of paragraph 66 contain legal conclusions to which no response is required. Comerica denies that it was obligated to provide any further response.  In further response, Comerica states that the responses provided to Plaintiff's alleged disputes which are attached as exhibits to Plaintiff's complaint speak for

themselves.  To the extent any responses are not included or the allegations of paragraph 66 are inconsistent therewith, Comerica denies the same.

67.     Comerica denies the allegations as stated in paragraph 67 on information and belief.

68.     Comerica denies the allegations in paragraph 68.

69.     Comerica denies the allegations in paragraph 69.

70.      Comerica denies the allegations in paragraph 70.

71.     Comerica denies the allegations in paragraph 71.

72.     The allegations in paragraph 72 are statements of law, which do not require a factual response.

73.     The allegations in paragraph 73 are statements of law, which do not require a factual response.

74.     Comerica denies the allegations as stated in paragraph 74.

75.     The allegations in paragraph 75 are statements of law, which do not require a factual response.

76.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 76, and therefore denies the same.

77.     Comerica denies the allegations in paragraph 77.

78.     The allegations in paragraph 78 are statements of law, which do not require a factual response.

79.     Comerica denies the allegations as stated in paragraph 79.

80.     Comerica denies the allegations as stated in paragraph 80.

81.     Comerica denies the allegations as stated in paragraph 81.

82.     Comerica denies the allegations as stated in paragraph 82.

83.     Comerica realleges and restates its responses to paragraphs 1-82 as set forth above.

84.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 84, and therefore denies the same.

85.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 85, and therefore denies the same.

86.     Comerica denies the allegations as stated in paragraph 86.

87.     The allegations of paragraph 87 are legal conclusions to which no response is required.

88.     The allegations of paragraph 88 are legal conclusions to which no response is required.

89.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 89, and therefore denies the same.

90.     Comerica denies the allegations in paragraph 90.

91.     Comerica denies the allegations in paragraph 91.

92.     Comerica denies the allegations in paragraph 92.

93.     Comerica denies the allegations in paragraph 93.

94.     Comerica denies the allegations in paragraph 94.

95.     Comerica realleges and restates its responses to paragraphs 1-94 as set forth above.

96.     The allegations set forth in paragraph 96 refer to the document attached to Plaintiff's Complaint as Exhibit H.  Comerica states that the content of such document speaks for itself.  Comerica denies any allegations of paragraph 96 of the Complaint that are inconsistent therewith.

97.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 97, and therefore denies the same.

98.     Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 98, and therefore denies the same.

99.     Comerica denies the allegations in paragraph 99.

100.    The allegations set forth in paragraph 100 refer to the document attached to Plaintiff's Complaint as Exhibit H.  Comerica states that the content of such document speaks for itself.  Comerica denies any allegations of paragraph 100 of the Complaint that are inconsistent therewith.

101.    Comerica is without sufficient information or knowledge to admit or deny the allegations in paragraph 101, and therefore denies the same.

102.    Comerica denies the allegations in paragraph 102.

103.    Comerica denies the allegations in paragraph 103.


## ADDITIONAL DEFENSES

104.    Plaintiff's Complaint and the several causes of action stated therein fail to state a claim for which relief can be granted in favor of the Plaintiff.

105.   Under these facts and circumstances, Plaintiff is not entitled to an award of treble damages or punitive damages.

106.   Pursuant to 15 U.S.C. § 1693m(c), Plaintiff's claims are barred, in whole or in part, because any alleged violation of the EFTA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

107.   Plaintiff's claims are barred because Comerica has substantially complied with the EFTA and the regulations promulgated thereunder.

108.   Plaintiff's EFTA claim is barred by 15 U.S.C. § 1693m(d) because all actions taken by Comerica were done in good faith in conformity with regulations promulgated by the Federal Reserve Board or other federal regulatory authorities.

109.   Plaintiff's claims are barred, in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Comerica, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiff's recovery.

110.   Comerica reserves the right to rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

WHEREFORE, Comerica prays that Plaintiff take nothing against by virtue of his Complaint and that it be awarded its costs, expenses and attorneys' fees for defending the

claims of Plaintiff, and that it be granted such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Jimmy Goodman
Jimmy Goodman, OBA #3451
Lysbeth L. George, OBA #30562
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
jimmy.goodman@crowedunlevy.com
lysbeth.george@crowedunlevy.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on July 31, 2018, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system including the following.

Victor R. Wandres
Paramount Law
Consumer Protection Firm
4017@paramount-law.net
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105

Judson E. Crump
Judson E. Crump, PC
250 Congress St
Mobile, AL 36603
251-272-9148
Fax: 251-650-1207
Email: judson@judsonecrump.com

/s/ Jimmy Goodman